1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

SARA ANN THOMPSON,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

NO.  C3:13-CV-05829-RBL-JLW

REPORT AND
RECOMMENDATION

14

BASIC DATA

15

Type of benefits sought:

16

(X) Supplemental Security Income – Disability

17

Plaintiff's:

18

Sex: Female

19

Age:  23 at ALJ hearing

20

Principal Disabilities Alleged by Plaintiff:  PTSD, Fetal Alcohol Syndrome, ADHD, Major
Depression

21

Disability Allegedly Began: At birth, July 5, 1988

22

Principal Previous Work Experience: two months as a movie theater helper

23

Plaintiff Last Worked: 2004

24

Education Level Achieved by Plaintiff: Graduated High School

REPORT AND RECOMMENDATION - 1

## PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ:

Date of Hearing: May 12, 2012

Date of Decision: June 16, 2012

Appears in Record at:  Decision AR 21-34, Hearing Transcript AR 40-87

Summary of Decision:

Claimant has not engaged in substantial gainful activity since the application date of March 21, 2011. She has the severe impairments of affective disorder, anxiety disorder, learning disorder, degenerative disc disease, and obesity. None of these impairments, alone or in combination, meets or equals a Listing. The Claimant has the RFC to perform light work, with some limitations to movement and climbing. She can understand, remember, and follow simple and repetitive tasks in two hour increments for an eight hour workday. She can work in proximity to the general public with seldom and superficial interaction. She can also have occasional interaction with a supervisor. Based upon the testimony of the VE, claimant could perform the representative jobs of basket filler, cleaner/maid, and semiconductor bonder which exist in significant numbers in the national economy and Washington. She is, therefore, not disabled.

Before Appeals Council:

Date of Decision: July 24, 2013

Appears in Record at: AR 1-4

Summary of Decision: declined review

## PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

## RECOMMENDATION OF

## UNITED STATES MAGISTRATE JUDGE

(X)  Remand for Further Proceedings

## SUMMARY OF RECOMMENDATION

REPORT AND RECOMMENDATION - 2

Based on the DOT requirements, Plaintiff's extremely low verbal IQ score appears to disqualify her from the representative jobs suggested by the VE. Further proceedings are required to determine whether Plaintiff has adequate verbal aptitude necessary for performance of the named positions.

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

<u>EVALUATING DISABILITY</u>

As the claimant, Ms. Thompson bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *See also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

<u>ISSUES ON APPEAL</u>

1.  Did the ALJ adequately consider Dr. McCollum's testing evidence when determining Plaintiff's ability to perform other jobs in the economy?

<u>DISCUSSION</u>

Dr. Loren McCollum, Ph.D., performed significant testing on Plaintiff, including IQ testing. The IQ testing results placed Plaintiff in the lowest 5% of adults for the verbal set of sub-tests. AR 353. Her performance on the Wonderlic Personnel Test, Form A estimates her general intelligence to be at approximately the 10th percentile. AR 352. The ALJ assigned significant weight to the results of the Dr. McCollum's testing. AR 31. However, Plaintiff contends that the ALJ failed to adequately consider the test results, particularly with regard to the vocational expert testimony.

The vocational expert testified that Plaintiff's RFC would allow for her to perform the representative positions of basket filler, maid/cleaner, and semi-conductor bonder. All three of

these positions require a "Verbal Aptitude" Level 4, which the Dictionary of Occupational Titles defines as "the Lowest 1/3 Excluding Bottom 10%." DICOT §§ 529.687-010; 726-685-066; 323.687-014. The ALJ summarized that according to the VE's testimony, "the job of basket filler required below average learning ability and numerical ability was minimal to none," and "verbal ability was in the 10-33 percent range, which is below average." AR 33. The ALJ also relied on the VE's testimony that, "the job of cleaner/maid required below average aptitudes." AR 33.

The ALJ acknowledged that the positions required verbal ability in the 10-33 percent range. AR 33. But, Dr. McCollum's testing shows that Plaintiff is in the bottom 5% of verbal aptitude, seemingly disqualifying her from the jobs mentioned by the vocational expert. The ALJ makes no mention of this discrepancy.

To account for the discrepancy, the Defendant points to the VE's testimony at the hearing. The VE testified that, in his experience, the requirements for cleaner/maid and basket filler differ from those in the Handbook for Analyzing Jobs. AR 81. He stated that "[t]here's a number of people that perform that job for instance that have very minimal English skills and they are in those jobs so that would not seem to be consistent with the job description." AR 81. The VE made this statement in reference to mathematical requirements—whether cleaner/maid or basket filler required multiplication and division skills. AR 81. The VE noted the 10 to 33 percentile requirements for verbal aptitude, but then shifted to the discussion about math skills. AR 80-81. The Plaintiff posed a hypothetical which included verbal limitations,

> if there's a problem they're not able to ask for additional help, even though they're still requiring the additional supervision. And then the other part of the time, your 15 to 20 percent of the time we're talking about response to criticism or additional instruction they're not responding appropriately. They're not either doing what's asked or they're behavior is unacceptable for the setting and by that I mean they're walking off. Would that have an affect [sic] on work? AR 85.

REPORT AND RECOMMENDATION - 5

The VE responded, "[t]here are people who have minimal English skills that perform alot of these jobs and so the language skills are not as significant as the person leaving the jobsite and figuring to that extent." AR 85.

The VE's testimony does not adequately clarify whether Plaintiff's extremely low verbal IQ test results would prevent her from securing and sustaining employment in the representative jobs. As a result, the Court cannot determine whether the Commissioner satisfied step five and correctly determined that Plaintiff is not disabled. Remand is required for clarification of the record.

Upon remand,  (1) the ALJ should make specific findings as to Plaintiff's verbal abilities and skills, corresponding to the verbal abilities and skills incorporated in the DOT requirements for these three positions.  (2) The ALJ should secure further testimony from this VE, or another, as to whether a person with plaintiff's verbal abilities and skills could perform one or more of these specific positions.  (3) If it is the position of the VE that a person can perform one or more of these positions without the verbal abilities and skills required by the DOT, the VE should provide clear testimony to that effect.  (4) In that event, the ALJ should make a finding whether he or she is relying upon that departure from the DOT requirements.

<u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that this case be REMANDED for further proceedings as specified above.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed.  If no timely objections are filed, the Clerk shall

note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect your right to appeal.

If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages.

DATED this 11th day of July 2014.


_____
JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7